IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT NEVILLE,

    Plaintiff,

v.                                                           CASE NO. 1:15-cv-98-MW-GRJ

BONNIE DIVITO, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a *pro se* Complaint, Doc. 2, and a motion to proceed *in forma pauperis*. Doc. 3.[1] Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis,* the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's Complaint to determine whether his claims have merit or whether the Complaint should be dismissed on some other ground. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action fails to state a claim upon which relief may be granted.

In addition to screening the case to determine whether it states a cause of action the Court must ensure that it has subject matter jurisdiction over the case. It is well established that federal courts are obligated to inquire into subject matter jurisdiction

---

[1] Although Mr. Neville was subject to the Court's filing sanction in case no. 1:12-cv-159-MP-GRJ, which provided that "No further filings of any kind will be accepted from Plaintiff until the $3,380.00 sanction in Case No. 1:06-cv-199-MP-AK is paid, at least in part.", the sanction was lifted by the Court in an order entered by Judge Paul on June 3, 2015. Case no. 1:12-cv-159-MP-GRJ, Doc. 22.

*sua sponte* whenever it may be lacking. *Cadet v. Bulger,* 377 F.3d 1173, 1179 (11th Cir. Fla. 2004). Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases involving a federal question. 28 U.S.C. § 1331. The claims in this case do not allege any factual basis to support a claim supporting federal question jurisdiction and, as explained below, because the Plaintiff and the Defendants are citizens of the same state, there is no diversity of citizenship between the parties for diversity jurisdiction.

The complaint, liberally construed as the Court must because Plaintiff is proceeding *pro se*, disclose the following material facts. Plaintiff names as Defendants Bonnie DiVito, the trustee of his Special Needs Trust, and Amy Tackett, Ms. DiVito's office administrator, who is in charge of day-to-day administration of the trust. Plaintiff alleges that after his mother died in 2008, his portion of her estate was placed into a Special Needs Trust administered by DiVito and Tackett. He claims that while administering the trust, DiVito refused to reimburse Plaintiff for his expenses; DiVito and Tackett forced him to apply for a pre-paid credit card; DiVito refused to put the trust funds in an interest bearing account; DiVito paid excessive fees to Tackett for her services and Tackett charged exorbitant fees while performing incompetent work; DiVito bought a one-way ticket that was not used that cost $300 more than a refundable round-trip ticket; both Tackett and DiVito abandoned Plaintiff which resulted in him becoming homeless and hospitalized; DiVito charged Plaintiff for her time spent talking with his attorney and an outside attorney; and DiVito and Tackett refused to pay for youth hostels but instead booked Plaintiff into more expensive hotels. Plaintiff claims

that these actions by DiVito and Tackett constituted fraud and financial exploitation of the disabled, a breach of their fiduciary duty by wasting assets of the trust, and gross negligence.

Plaintiff's claims against DiVito and Tackett are all based upon violations of state law.  For example, Plaintiff's claims of fraud, negligence, and breach of a fiduciary duty are torts governed by Florida common law.  Plaintiff's claim for financial exploitation of the disabled is governed by Florida criminal law.  Fla. Stat. § 825.103.  State law claims, however, are insufficient to establish federal question jurisdiction.  And although Plaintiff alleges in his complaint that the Court has jurisdiction for fraud and theft under federal statutes, Plaintiff fails to cite any federal law violations or allege any facts that might support a federal claim.   Accordingly, because Plaintiff's claims, even liberally construed, allege nothing more than garden variety state law claims involving the actions of the accountant and her officer administrator responsible for administering a Florida special needs trust, the Court does not have federal question jurisdiction over the claims in this case.

With regard to diversity jurisdiction, diversity requires that the plaintiff and defendants are citizens of different states. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978).  While Plaintiff has not plead the citizenship of the parties as required, the citizenship of the parties can be extrapolated easily from the Complaint. Plaintiff lists his address at the end of the Complaint as an address in Gainesville, Florida.  And while the Plaintiff filed a notice of change of address on June 8, 2015 changing his address to New Orleans, Louisiana, Doc. 4, the change in

address is not relevant to determining whether there is diversity of citizenship because the law is well settled that subject matter jurisdiction premised upon diversity of citizenship is determined based upon the state of facts that existed at the time of filing and may not be divested by a subsequent change in the citizenship of the parties. *Grupo Dataflux v Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)(*per curiam*)("[d]iversity of jurisdiction is assessed at the time the action is filed."). Thus, even though Plaintiff may now live in Louisiana, for purposes of diversity jurisdiction he is considered a citizen of Florida.

With regard to Bonnie DiVito, Plaintiff alleges that she is a CPA doing business in Florida. As to Amy Tackett Plaintiff alleges that she is in charge of the day to day administration of the Special Needs Trust.  The Court takes judicial notice that Bonnie DiVito is an accountant and professional guardian with an office in Gainesville, Florida and that Amy Tackett is Ms. DiVito's administrative assistant.[2]  Thus, Ms. DiVito and Ms. Tackett, are citizens of Florida for diversity purposes.

Consequently, because Plaintiff and the Defendants were citizens of Florida when Plaintiff filed the Complaint, there is no diversity of citizenship between the parties. Therefore, the Court does not have subject matter jurisdiction over Plaintiff's claims and, thus, the Complaint must be dismissed for lack of subject-matter

---

[2] Http://bonniedivito.com (Viewed June 11, 2015.)

*Case No: 1:15-cv-98-MW-GRJ*

jurisdiction. If Plaintiff wishes to pursue his claims he must do so in state court.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

This case should be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Gainesville, Florida  this 11th day of June 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.